RECEIVED

DEC 1 0 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARTIS CASH | CIVIL DOCKET NO. 08-1388 |
| VERSUS | DISTRICT JUDGE WALTER |
| BOBBY JINDAL, GOVERNOR OF THE STATE OF LOUISIANA, and JAY DARDENNE, LOUISIANA SECRETARY OF STATE | MAGISTRATE JUDGE HORNSBY |

## JUDGMENT

Before this Court is a Joint Motion to Dismiss [Record Document 11], filed on behalf of defendants Bobby Jindal, Governor of the State of Louisiana ("Governor Jindal"), and Jay Dardenne, Louisiana Secretary of State ("Secretary Dardenne"). Defendants seeks dismissal of plaintiff's complaint, with prejudice at plaintiff's cost. Because plaintiff's claim is moot, defendant's motion will be granted.

### I. STATEMENT OF THE CASE

On September 2, 2008, Secretary Dardenne certified to Governor Jindal that, as a result of Hurricane Gustav, a state of emergency existed enabling Governor Jindal to delay elections pursuant to La. R.S. 18:401.1(B).[1] Governor Jindal issued Executive Order No. BJ 08-85 delaying elections

---

[1] La. R.S. 18:401.1(B) provides:
The governor may, upon issuance of an executive order declaring a state of emergency or impending emergency, suspend or delay any qualifying of candidates, early voting, or elections. The governor shall take such action only upon the certification of the secretary of state that a state of emergency exists. A clerk of court, as the chief election officer of the parish, may bring to the attention of the secretary of state any difficulties occurring in his parish to due natural

1

scheduled throughout the state, including the U.S. Representative 4th Congressional District Democratic and Republican First Party Primaries. On September 4, 2008, Governor Jindal issued Executive Order No. BJ 08-89 rescheduling the elections set for September 4, 2008, October 4, 2008, and November 4, 2008 to October 4, 2008, November 4, 2008, and December 6, 2008.

On September 19, 2008, Artis Cash ("Plaintiff") filed suit against defendants alleging that the rescheduling of the September 6, 2008 elections "clearly place the Democratic Candidates at a disadvantage and clearly violates the spirit of the 1965 Voting Rights Act Section 5." [Rec. Doc. 1, ¶ 1]. Plaintiff alleged "that as a result of the change in polling dates, a percentage of duly and legally qualified voters were deprived of the right to vote, each of whom would have cast their ballot in favor of Plaintiff." *Id.*, ¶ 2. He also stated that "defendant's change of dates of voting was for the purpose of, and did confuse the voters resulting in substantially fewer votes being cast than in the previous general election for the office in question." *Id.*, ¶ 3. Plaintiff's complaint requested that the State of Louisiana and its representation be enjoined from moving the elections past November 4, 2008. *Id.*, ¶ 4.

On September 25, 2008, plaintiff filed an amended complaint proposing a remedy to the election dates. He proposed that the elections be rescheduled for October 4, 2008, that the run-off elections be scheduled for October 18, 2008, and the general election remain November 4, 2008. [Rec. Doc. 4, ¶ 4].

On October 4, 2008, there were four Democrats and three Republicans vying for the 4th Congressional District seat in the first party primary. Of the Democrats, Paul J. Carmouche finished first with 36,936 votes, Willies Banks finished second with 17,621 votes, John Milkovich finished

---

disasters.

third with 16,137 votes, and plaintiff finished fourth with 6,065 votes. [Rec. Doc. 11]. On November 4, 2008, Paul J. Carmouche won the democratic race in the second party primary. On December 6, 2008 Republican candidate John Fleming won the general election and will serve as the U.S. Representative for 4th Congressional District.

Defendants filed a Joint Motion to Dismiss seeking dismissal of plaintiff's complaint under Rule 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure on the basis that plaintiff's complaint fails to state a claim upon which relief can be granted, plaintiff has failed to join a required party under Rule 19, and because the claim is moot. Plaintiff has not filed a response to this motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." When considering the motion, a district court "must take factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff." *Fernandez-Montes v. Allied Pilots Assoc., et al.*, 987 F.2d 278 (th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; however, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice. *Id.* The plaintiff's obligation is "to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

## III. LAW AND ANALYSIS

### A. Failure to State a Claim

3

Section 5 of the Voting Rights Act of 1965, as amended 42 U.S.C. § 1973 et seq.[2], prohibits States and political subdivisions from implementing any change to a state election practice or procedure without first obtaining federal preclearance—a determination that the change will "not have the effect of denying or abridging the right to vote on account of race or color." A state has two avenues available to seek the federal preclearance required under Section 5. The State "may institute an action in the United States District Court for the District of Columbia for a declaratory judgment" that such change does not have a discriminatory purpose or effect. 42 U.S.C. 1973c(a). Alternatively, the State may submit the proposed changes to the Attorney General. If the Attorney General approves the changes or fails to formally object within sixty days of submission, the change is deemed precleared and may be put into effect. 42 U.S.C. § 1973c(a); *see also Lopez v. Monterey County, et al.*, 519 U.S. 9, 117 S.Ct. 240 (1996).

The Supreme Court has recognized two causes of action implied by Section 5 that may be asserted against a State. First, an individual may bring a suit for declaratory judgment and injunctive relief, claiming that a state enactment is covered by Section 5 but has not been subjected to federal preclearance. Second, the Attorney General may seek an injunction prohibiting the enforcement of a new voting regulation because of the State's failure to obtain federal preclearance. *Allen v. State Bd. of Elections*, 393 U.S. 544, 560, 89 S.Ct. 817, 829 (1969).

Plaintiff's complaint fails to state a claim because he has not alleged, nor can he allege, that

---

[2] 42 U.S.C. § 1973(a) provides in relevant part:
No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title...

4

the Executive Orders were not subjected to federal preclearance. Executive Orders Nos. BJ 08-85 and BJ 08-89 were submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act. The Attorney General precleared the Executive Orders on September 26, 2008. Furthermore, "the Supreme Court has clearly held that Congress intended the Attorney General's decision whether or not to object to a proposed voting change under Section 5 to be discretionary and unreviewable." *Reaves v. U.S. Dept. of Justice,* 355 F.Supp.2d 510, 514 (D.D.C. 2005). This is true even where the Department of Justice is alleged to have violated its own regulations governing the preclearance procedure. *Id.*

Plaintiff has stated no facts that, taken as true, would prove that the rescheduling of the September 6, 2008 election had the purpose or effect of denying or abridging the right to vote on account of race or color. Plaintiff's complaint does not even mention race or color; rather, the complaint merely vaguely alleges that the rescheduling of the elections violated the "spirit" of the Voting Act. Such an allegation is clearly not a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B.   Mootness**

Even if the court were to assume *arguendo* that plaintiff's complaint was sufficient under Rule 12(b)(6), plaintiff's claim should be dismissed as moot. Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation must continue throughout its existence." *Arizonians for Official English v. Arizona,* 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 1069 (1997) (quoting *U.S. Parole Comm'n Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209 (1980)). As a general rule, a request for injunctive relief becomes moot upon the happening of the event sought to be enjoined. *Harris v. City of Houston,* 151 F.3d

186, 189 (5th Cir. 1998). Such a case is moot because no order of the court could affect the parties rights with respect to the requested relief.

Applying the general rule to the present matter, plaintiff's claim for injunctive relief against the State of Louisiana and its representatives are moot. The events that plaintiff sought to enjoin and reschedule have already occurred; "we simply cannot enjoin that which has already taken place." *Id.*; *see also Dillworth v. Clark*, 129 F.Supp.2d 966, 970 (S.D.Miss. 2000) (holding that case was not moot because plaintiff was seeking to overturn the recent election; had the plaintiff only sought injunctive relief, the claim would be moot).

Furthermore, plaintiff's request to reschedule the elections to October 4, 2008, October 18, 2008, and November 4, 2008 would have been impossible to achieve under Louisiana's election laws. La. R.S. § 1309(a) requires early voting from the fourteenth day to the seventh day prior to any scheduled election. Plaintiff's recommended dates simply would not have provided enough time to allow for the printing of ballots, mailing of ballots for absentee voters under La. R.S. 18:1307, and early voting.

### C. Failure to Join Necessary Parties

Because plaintiff's complaint fails to state a claim under Rule 12(b)(6) and is nevertheless moot, it is unnecessary for this court to address whether plaintiff failed to join all necessary parties to this action.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Joint Motion to Dismiss be and is hereby **GRANTED.** Plaintiff's claim against Defendants Bobby Jindal, Governor of the State

of Louisiana, and Jay Dardenne, Louisiana Secretary of State, is **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10 day of December, 2008.

*Donald Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 12/11/08
BY: cw
TO: dew
bj